**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE C. NAILS, | No. 16-56292 |
| Plaintiff-Appellant, | D.C. No. 8:12-cv-00439-GW-SS |
| v. | |
| CITY OF FULLERTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

George C. Nails appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging claims arising from his arrest. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian*

*Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Nails's excessive force claim because Nails failed to raise a genuine dispute of material fact as to whether defendants Haid and Acosta used an unreasonable amount of force against him. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt the version of the facts for purposes of ruling on a motion for summary judgment."); *Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (setting forth elements of an excessive force claim).

The district court properly granted summary judgment on Nails's equal protection claim because Nails failed to raise a genuine dispute of material fact as to whether defendant Barnes discriminated against him on the basis of his membership in a protected class. *See Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) ("To prevail on an Equal Protection claim brought under § 1983, [plaintiff] must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." (citations and internal quotation marks omitted)).

The district court properly granted summary judgment on Nails' claims against the City of Fullerton because Nails failed to raise a genuine dispute of material fact as to whether a constitutional violation resulted from an official custom, policy, or practice of the City of Fullerton. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (setting forth requirements for municipal liability).

We reject as unsupported by the record Nails' contention that the district court abused its discretion by adopting the magistrate judge's second amended report and recommendation. *See* Fed. R. Civ. P. 52(a)(6); *Wildman v. Johnson*, 261 F.3d 832, 837 (9th Cir. 2001) ("Findings of fact of a magistrate judge adopted by the district court are reviewed under the clearly erroneous standard.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Nails' requests for refund of costs of appeal, appointment of counsel, court fees, and sanctions, set forth in the opening and reply briefs, are denied.

All pending motions are denied.

**AFFIRMED.**